SILAS MIDDLETON

*v.*

JOHN W. MIDDLETON.

*Opinion filed June 14, 1906.*

1. ILLEGITIMATES—*legitimacy of children of a customary slave marriage.* Children of a customary slave marriage are legitimate unless the marriage is disaffirmed after emancipation. (*Butler* v. *Butler,* 161 Ill. 451, followed.)

2. SAME—*what is not a disaffirmance of slave marriage.* Where the parties to a customary slave marriage continue to cohabit together as man and wife until the death of the latter, the fact that the relations between the husband and another woman are subsequently changed to a valid marriage by compliance with the statute of Kentucky does not amount to a disaffirmance of the slave marriage, so as to render illegitimate the issue of such marriage.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. J. W. CRAIG, Judge, presiding.

DYAS & DYAS, and F. T. O'HAIR, (W. O. BRADLEY, of counsel,) for plaintiff in error.

F. W. DUNDAS, for defendant in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

Silas Middleton, the plaintiff in error, filed a bill for partition in the circuit court of Edgar county, to the November term, 1905, thereof, making John W. Middleton and the Edgar County Building and Loan Association defendants. The last named defendant has no interest in the premises other than as mortgagee of John W. Middleton. The land involved consists of certain real estate situated in Edgar county which was owned in fee simple by one Edward Middleton, deceased, at the time of his death, which occurred on May 21, 1892. A demurrer interposed to the bill by John W. Middleton was sustained, and Silas Middleton sued out a writ of error from this court to review the action

of the circuit court in sustaining the demurrer and dismissing the bill for want of equity.

The only question involved in the case is whether or not Silas Middleton is one of the legal heirs of Edward Middleton, deceased, the contention of defendant in error being that plaintiff in error is an illegitimate son of the deceased. This question having been presented to the circuit court by demurrer to the bill, is one of law to be determined from the allegations of the bill. ·

It is alleged by the bill that in the year 1838 Edward Middleton married Nancy Flood, in Shelby county, Kentucky, both being negro slaves; that they were married by a negro minister in the customary form in which marriages were had among slaves in the State of Kentucky, and that they cohabited together and claimed to be man and wife from the time of said marriage up to the time of the death of said Nancy Middleton, which occurred in 1863; that on October 11, 1839, the complainant, Silas Middleton, was born as the issue of said marriage, and that Edward Middleton thereafter, up to the time of his death, in 1892, recognized and acknowledged said Silas Middleton as his child. The bill further alleges that about the year 1855 or 1856 the defendaint, John W. Middleton, was born in the State of Kentucky as the result of cohabitation between Edward Middleton and Delilah Estes, a negro slave woman, but that Edward Middleton never claimed said Delilah to be his wife until after the death of said Nancy.

A statute of Kentucky, passed February 14, 1866, is set out in the bill. Section 2 of that statute, which is the only section that has any bearing upon this case, is as follows:

"All negroes and mulattoes who have heretofore lived and cohabited and do now live together as husband and wife, shall be taken and held in law as legally married and the issue held as legitimate for all purposes: *Provided,* such persons shall appear before the clerk of the county court of their then residence and declare that they have been, and

desire to continue, living together as husband and wife, when, upon the receipt of a fee of fifty cents, the clerk shall make a record of such declaration, and for an additional fee of twenty-five cents shall furnish the parties with a certificate of said declaration. Said record or certificate shall be evidence of the existence of the marriage and the legitimacy of the issue born or to be born to said parties: *Provided,* the issue of customary marriages of negroes shall be held legitimate."

The bill then alleges that after the passage of this statute, and in pursuance thereof, said Edward Middleton and Delilah Estes appeared before the clerk and made the declaration and received the certificate provided for by said act, and that by force of said statute complainant was held to be legitimate, and by virtue of said proceedings before the clerk said John W. Middleton became legitimate; that these two persons are the only legal heirs of said Edward Middleton, deceased, and that each is the owner of an undivided one-half of the real estate owned by said deceased at the time of his death.

Defendant in error argues that the last clause of the section of the Kentucky statute above quoted merely confers upon the plaintiff in error the rights of a legitimate child, including the right to inherit from his father, but does not purport to legalize the marriage between the father and mother of plaintiff in error, and that said clause therefore has no extra-territorial force or effect. We regard this contention as correct, (*Stoltz* v. *Doering,* 112 Ill. 234,) but it does not necessarily follow that plaintiff in error would be considered as the illegitimate child of Edward Middleton in the absence of such statute.

The question of customary marriages between negro slaves and the status and rights of the parties to such marriages was exhaustively discussed by this court in the case of *Butler* v. *Butler,* 161 Ill. 451. The conclusion there reached was, that the children of a customary slave mar-

riage would become illegitimate upon the disaffirmance of the marriage. If it is the disaffirmance that makes the children illegitimate, manifestly in the absence of disaffirmance the children, after emancipation, should be regarded as legitimate and capable of inheriting. We think that case should control us in disposing of the one at bar, and that in consonance therewith the marriage of Edward Middleton and Nancy Flood should be regarded as a voidable, and not as a void, marriage.

It was further said in the *Butler case* that while the decisions of the courts of last resort of the various States of the Union on this subject are not harmonious in all respects, they substantially agree that the status of the parties to such marriages is as above indicated. Nothing appears from the bill in this case to indicate that customary marriages between slaves in the State of Kentucky were there considered differently, prior to the enactment of the statute above quoted.

Edward Middleton and said Nancy continued to cohabit and·claimed to be man and wife from the time of their customary marriage up to the time of the death of the latter, and it was not until after her death that he assumed the relation of husband to the mother of defendant in error. Edward Middleton also recognized and acknowledged plaintiff in error as his child up to the time of his death. There was, therefore, no repudiation of the marriage by either of the parties thereto, and the subsequent relations with Delilah Estes, which were changed into a valid marriage by virtue of the statute of Kentucky and the declaration made before the clerk in that State, cannot be deemed a disaffirmance of the marriage with Nancy Flood.

The marriage of which plaintiff in error is the issue having been merely voidable, and not having been repudiated or disaffirmed by either of the parties thereto, plaintiff in error cannot be considered as an illegitimate child of Edward Middleton, under the facts as disclosed by the bill in this case. 2 Nelson on Divorce and Separation, sec. 569;

2 Bishop on Marriage, Divorce and Separation, sec. 277; 5 Cyc. 626.

If the averments of the bill are true, plaintiff in error is the owner of the undivided one-half of the real estate here involved and is entitled to a decree of partition. The judgment of the circuit court will therefore be reversed and the cause remanded to that court, with directions to overrule the demurrer interposed to the bill.

*Reversed and remanded, with directions.*